# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into this 29th day of March, 2017 by and between YURI ALTABAS ("Plaintiff") and FAST SHOWER, INC., YOEL MORERA, and ALDEN PEREZ ("Defendants")(collectively the "Parties").

WHEREAS, on September 30, 2016, Plaintiff filed a lawsuit against Defendants alleging that he was due and owing unpaid overtime wages pursuant to the Fair Labor Standards Act, which claims are the subject of a lawsuit pending against Defendants in the United States District Court Southern District of Florida case no.: 1:16-cv-24181-RNS (the "Action");

WHEREAS, Defendants deny Plaintiff's claims in their entirety;

WHEREAS, the Parties mutually desire to amicably compromise, finally settle, resolve and fully release any and all disputes Plaintiff has or may have against Defendants, including those asserted or which could have been asserted in the Action in order to avoid the expense and inconvenience of further litigation;

IT IS HEREBY AGREED by the Parties, intending to be legally bound, as follows:

1. Settlement Payment. In exchange for Plaintiff's decision to execute this Agreement and promise to comply with all of its terms, the Dismissal with Prejudice of the Action, the undertakings herein, and the agreement to be legally bound, Defendants, jointly and severally, agree to pay to Plaintiff the gross amount of Eight Thousand Five Hundred Dollars and 00/100 Cents ($8,500.00) ("Settlement Amount") for full satisfaction of the Action, alleged unpaid overtime wages, and alleged liquidated damages; and broken down as follows: Two (2) checks made payable as follows:

(A) Fast Shower will tender a check to Altabas's in the gross amount of Three Thousand Five Hundred Dollars and 00/100 Cents ($3,500.00), for alleged unpaid overtime wages and liquidated damages and such amount will be reported on an IRS Form 1099 issued to Altabas for 2017. Altabas agrees to complete and sign IRS form 1099 specified in this paragraph.

(B) Fast Shower will tender a check to Wenzel Fenton Cabassa, P.A., in the amount of Five Thousand Dollars and 00/100 Cents ($5,000.00). This amount represents Altabas's attorneys' fees and costs and is being paid by Defendants on Altabas's behalf. This amount will be reported both to Wenzel Fenton & Cabassa, P.A., and to Altabas on an IRS 1099 Form issued for 2017. Altabas agrees that Wenzel Fenton & Cabassa, P.A., will provide a completed IRS W-9 form to Defendants to use in issuing the payment specified in this paragraph.

(i) Altabas agrees that he is responsible for paying any taxes on the amounts paid to him or on his behalf under this Agreement. Altabas acknowledges that Defendants have not made any representations or warranties regarding the tax treatment of the Settlement Payment. In the event the Internal Revenue Service ("IRS") or any other taxing authority challenges the Parties' tax treatment of the Settlement Payment

Altabas will bear his own risk of the tax consequences of the treatment of such payments and agrees not to make any claim against Defendants for compensation, recompense, damages, attorneys' fees, costs, interest, fees, assessments, withholding, penalties, or other damages or losses related to the tax treatment of the Settlement Payment.

(ii) The payments referenced in Paragraph 1, will be delivered to Altabas's counsel, Wenzel Fenton & Cabassa, P.A., which shall be issued not later than ten (10) business days after the approval of the Settlement Agreement by the District Court Judge and receipt of all of the following: fully completed IRS 1099 form executed by Altabas, and a fully completed IRS W-9 form executed by Wenzel Fenton Cabassa, P.A. The ten (10) day period shall start from the date of the occurrence of the last event listed above.

Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), The Parties will file a Joint Motion for Approval and Proposed Order Dismissing this case, with prejudice, and requesting the Court to retain jurisdiction for 30 days for purposes of enforcing this Agreement, or as otherwise ordered by the Court.

2. Failure to Pay Consideration: If Defendants fail to pay the any of the above monies, upon notice to Defendants at

Attn:

Monica Espino, Esq.
Espino Law
2250 SW 3rd Ave., 4th Floor
Miami, Florida 33129
Email: me@espino-law.com; legal@espino-law.com

Plaintiff, through counsel, shall notify Defendants' counsel via electronic mail of the non-payment. From receipt of that electronic mail, Defendants shall have five (5) calendar days to cure a non-payment. If the missing payment is not cured, Plaintiff shall be entitled to the entry of a Consent Final Judgment for the sum of any outstanding monies from the Settlement Payment, and all attorneys' fees and costs incurred. Plaintiff may seek a Consent Final Judgment by way of a Motion and Affidavit without the necessity of a further hearing.

3. Dismissal of Action. This Agreement and the payment of the Settlement Payment is expressly subject to and conditioned on the complete and final dismissal of the Action with prejudice. The Parties shall file a Joint Stipulation for Dismissal of the Action and proposed order within seven (7) days of the execution of this Agreement. The Parties shall not file this Agreement with the Court.

4. No Re-employment/No Rehire

(A) Altabas agrees not to apply for or accept employment in the future with Fast Shower, or any of its affiliated companies and not to seek or accept any assignment as an independent contractor or through any third-party, such as an employment, staffing or temporary agency.

(B) Altabas acknowledges: (i) that he is ineligible for re-hire or re-employment with Fast Shower, or any of its affiliated companies and (ii) that Defendants and the do not have any obligation, now or in the future, to hire him as an employee or independent contractor or to consider him for any future employment or assignment, such as through an employment, staffing or temporary agency, and that such conduct will not constitute retaliation.

5. Neutral Reference. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants shall only provide dates of employment and/or positions held.

6. Waiver and Release of All Claims. In exchange for the Settlement Payment and promises described in this Agreement, Plaintiff irrevocably, knowingly, and voluntarily releases, waives, and forever discharge any and all claims, demands, actions, or causes of action, of any kind whatsoever, known or unknown, foreseen or unforeseen, foreseeable or unforeseeable, and any consequences thereof, which he has or may have against Plaintiff from the beginning of the world until the execution of this Agreement. The disputes released by Plaintiff include, but are not limited to, any and all disputes against Defendants concerning his employment, wages, and separation from employment with Defendants, including but not limited to:

(A) Any and all claims under 42 U.S.C. Section 1981 and the Florida Whistleblower's Act, Section 448.101 *et seq*., Florida Statutes.

(B) Any and all claims for discrimination, harassment or retaliation under any federal, state, county or other local statute, law, ordinance and regulation. Some examples are: Title VII of the Civil Rights Act of 1964; Americans with Disabilities Act ("ADA"); Genetic Information Nondiscrimination Act ("GINA"); Fair Labor Standards Act ("FLSA"); Florida Civil Rights Act ("FCRA"); and Florida Worker's Compensation Retaliation statute (Section 440.205, Florida Statutes).

(C) Any and all claims concerning leaves of absence under any federal, state, county, or other local statute, law, ordinance and regulation. Some examples are: the Family and Medical Leave Act ("FMLA"); Uniform Services Employment and Reemployment Rights Act of 1994 ("USERRA"); Florida National Guard leave statute; and the Miami-Dade County Ordinance regarding Family Leave, Sec. 11A-29-11A-33.

(D) Any and all claims under any federal, state or county or other local statute, law, ordinance and regulation, or under the United States and Florida Constitutions.

(E) Any and all claims for breach of contract (express or implied); past and future wage loss; past and future employee benefits; retaliation; retaliatory or wrongful discharge;

negligent hiring, supervision or retention; defamation, slander or libel; fraud; misrepresentation; intentional or negligent infliction of emotional distress; negligence; attorneys' fees and costs; penalties; damages of all types (*e.g.*, punitive damages, liquidated damages, compensatory damages, and emotional distress damages); and any other claims about or related to Altabas's employment with Defendants or his separation from Fast Shower.

The disputes released by Plaintiff and Defendants include those known or unknown, actual or contingent, in law, in equity, or otherwise and whether based in tort, contract, statute, or any other basis. This release includes all disputes for which Plaintiff and Defendants could seek equitable relief, and actual, compensatory, consequential, liquidated, punitive, special, multiple or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind. The disputes released by Plaintiff and Defendants also includes any and all disputes they may have against each other in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, any tort action, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, false imprisonment, and interference with contract and/or prospective economic advantage.

Plaintiff also agrees and acknowledge that this Agreement is also entered into pursuant to Section 440.20(11)(c)(d) and (e), Florida Statutes, and is intended to be a complete and final settlement of any and all workers' compensation benefits under Chapter 440, Florida Statutes, including, but not limited to, future medical benefits. Plaintiff also stipulates that all accidents, injuries, repetitive traumas, exposures, and occupational diseases known to have occurred or been sustained due to employment by Defendants has been revealed. Plaintiff agrees that this Agreement includes all accidents, occupational diseases and injuries sustained while employed by Defendants, whether reported or not. It is Plaintiff and Defendants' intention to fully, finally and forever resolve and release any and all disputes that they may have or believe they have against each other with respect to any alleged acts occurring before the effective date of this Agreement, whether those disputes presently are known or unknown, suspected or unsuspected.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the disputes released by Plaintiff and Defendants. Plaintiff and Defendants intend that the disputes that they release be construed as broadly as possible to cover any and all disputes they may have or believe to have against each other. In that regard, Plaintiff and Defendants further acknowledge that they may later discover facts in addition to or different from those which they now know or believe to be true. Plaintiff and Defendants agree that any such difference in the facts shall not affect this Agreement; that they assume the risk of any such difference in the facts; and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts. The Parties understand that they are

releasing claims that they may not know about. This is their knowing and voluntary intent.

7. Costs and Expenses. Except as provided for herein, the Parties agree to be responsible for their own costs and expenses including attorney fees. To the extent any taxes are owed, Plaintiff hereby acknowledges that he will be responsible for the payment of those taxes.

8. No Additional Claims or Charges. Plaintiff warrants and represents that he has no additional administrative charges, lawsuits, civil actions or claims of any kind pending against Defendants or its predecessors, affiliates, subsidiaries, divisions, affiliated corporations, trustees, directors, officers, shareholders, agents, attorneys, insurers, or employees. Plaintiff agrees to dismiss any other lawsuit or claim with prejudice, without costs and waiving all rights of appeal. Plaintiff expressly acknowledges that he has been fully compensated for his claims and that, to the extent any administrative agency seeks further recovery, that he would not be entitled to any further compensation.

9. No Admissions. This Agreement does not constitute an admission by Defendants of any liability/wrongdoing, or violation of any law, rule or regulation by the Parties, and that the Parties do not believe or admit that any of them has done anything wrong. Defendants expressly deny any and all wrongdoing and liability whatsoever. Neither this Agreement nor anything in this Agreement shall be construed to be or shall be admissible in any proceeding as evidence of liability or wrongdoing by Defendants or any Released Person. This Agreement may be introduced, however, in any proceeding to enforce the Agreement. Such introduction shall be pursuant to an order protecting its confidentiality.

10. Confidentiality. Plaintiff agrees that he will keep the terms of this Agreement and related settlement discussions completely confidential, and that he will not hereafter disclose or attempt to disclose any information concerning this Agreement to anyone, unless otherwise required by law. Nothing in this paragraph precludes Plaintiff from divulging the terms of this Agreement to their spouse, tax advisor, financial planner or attorney.

Defendants agree that the existence, terms, conditions and monetary amount of this Agreement, specifically including but not limited to the fact that there has been a settlement, are confidential and that Defendants shall not disclose, publicize, discuss, publish or disseminate the existence, terms, conditions or monetary amount of this Agreement or the existence, terms, conditions or monetary amount of the settlement of Plaintiff's claim from the time the settlement was agreed upon forward, except to their spouse, Board of Directors, tax advisor, financial planner or attorney. In the event, any other person or entity asks Defendants about the lawsuit or about any of the disputes relating to Plaintiff's employment with Defendants, Defendants and their legal representatives shall respond only that the matter was amicably resolved and shall provide no further information.

(A) Plaintiff agrees that he shall keep the terms and conditions of this Agreement confidential, and neither he nor his attorneys shall publicize them to any other person, other than Plaintiff's legal and financial advisors. In furtherance of the foregoing, neither Plaintiff nor his counsel shall advise or encourage any person to review the Court docket in the Action. Without limiting the generality of the

foregoing, Plaintiff agrees that he shall not respond to or in any way participate in or contribute to any public or private discussion, notice or other publicity concerning or in any way relating to the fact, execution or terms of this Agreement, or to the claims leading to the execution of this Agreement, other than to state that the matter has been settled confidentially. The confidentiality agreement set forth in this Paragraph shall apply except as prohibited by any federal, state or local law, ordinance or regulation, or public policies pertaining thereto.

(B) Plaintiff understands that this Paragraph 10 and its provisions regarding confidentiality are material to Defendants and their decision to enter into this Agreement. Plaintiff further understands and agrees that any discussion, disclosure or provision of information concerning this Agreement to any person or entity other than those listed in Paragraph 10(A) above, will be regarded as a material breach of this Agreement for which Defendants shall be entitled to receive from the sum of $5,000 per incident of breach of this Agreement, in addition to any other legal and equitable relief available to Defendants. The parties agree and represent that the liquidated damages stated immediately above are a reasonable estimate of the damages that would be suffered by Defendants for each breach hereof, and do not constitute a penalty.

11. Non-Disparagement and No Cooperation. Altabas promises that he will not criticize or disparage (*i.e.*, bad mouth) or make any defamatory remarks about Defendants to any person or entity, to the print, broadcast or internet media, or on any internet site, social networking site (such as Facebook or Linked In) blog, message board or chat room. However, Altabas acknowledges that nothing in this Paragraph 9 prohibits him from communicating with any federal, state or local government agency, from testifying truthfully in court, during any legal proceeding, or during any government or regulatory investigation, or from cooperating with or making truthful disclosures to any government agency.

(A) Altabas promises that he will not help or assist any current or former employees of Defendants or their attorneys in the presentation or prosecution of any charges, claims, complaints or lawsuits against Defendants unless he is under subpoena or other court order to do so.

12. Severability. If any provision of this Agreement or the application thereof, is held invalid, the invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions or application and to this end, the provisions of this Agreement are declared to be severable.

13. Non-Disparagement: The Parties agree that each will refrain from making any disparaging or derogatory comments about each other through any means (including, but not limited to, e-mail, telephone, in person discussions, internet postings, social media, facsimile, written letters, and the like), including, for the corporate Defendant, its parent, subsidiaries, affiliates, and each of their past and present agents, employees, representatives, owners, officers,

directors, shareholders, or attorneys. The Parties acknowledge that if either side breaches this non-disparagement provision, the damages incurred by the injured Party are incapable of measurement and adequate remedy. Therefore, the Parties further agrees that if it is proven that a Party breached this non-disparagement provision, the offending Party will be liable to pay the injured Party(ies) liquidated damages in the amount of Five Hundred Dollars ($500) for each incident. The Parties further agree that such damages are not intended to be, and shall not be construed as, a penalty.

14. Modification. The Parties have carefully read and fully understand all of the provisions of this Agreement. This Agreement may not be changed orally but only by an agreement in writing signed by the party against whom enforcement of any waiver, change, modification, extension or discharge is sought. The Parties acknowledge that they have not relied upon any representation or statement, written or oral, not set forth in this document.

15. Counterparts Acceptable. This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original. Photographic copies of such signed counterparts may be used in lieu of the originals for any purpose.

16. Entire Agreement. This Agreement constitutes and contains the entire agreement and understanding concerning the Parties, and the other subject matters addressed in the Action between the Parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter hereof.

17. Choice of Law and Jurisdiction. This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Florida, notwithstanding its rules governing choice of law. The parties agree that exclusive venue and jurisdiction for any disputes between the Parties shall be the Court in the Action, which shall have continuing jurisdiction to enforce this Agreement.

(A) The Parties agree that as a material inducement to entering into this Agreement, they voluntarily and intentionally waive the right either may have to trial by jury in respect to any claim between them involving this Agreement.

(B) Prevailing Party. In any motion, action or other proceeding involving this Agreement, the prevailing party shall be entitled to an award of reasonable attorney's fees and all costs that the party incurred in the motion, action or other proceeding, as determined by the court. This includes fees and costs at both the trial court and appellate levels, and the additional fees and costs incurred by the prevailing party in the proceeding to determine the amount of fees and costs to be awarded.

18. Waiver. No waiver of any breach of any term or provision of this Agreement shall be construed to be, or shall be, a waiver of any other breach of this Agreement. No waiver shall be binding, unless in writing and signed by the party waiving the breach.

19. Neutral Construction. The Parties have jointly participated in the drafting and negotiating this Agreement, and no rule of construction shall be applied that construes any provision against the drafter(s) hereof.

20. Translation: By signing this agreement, Plaintiff and Defendants certify that this agreement has been translated for him/her by an attorney and he/she fully understands the terms of this agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, El DEMANDANTE Y DEFENDIENTE CERTIFICAN QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA EL/ÉLLA POR UN ABOGADO Y EL/ELLA ENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below:

YURI ALTABAS

DATED: 4/3/17

FAST SHOWER, INC.

By:____________________

DATED: ____________________

YOEL MORERA

DATED: ____________________

ALDEN PEREZ

DATED: ____________________

provision against the drafter(s) hereof.



25. Translation: By signing this agreement, Plaintiff and Defendants certify that this agreement has been translated for him/her by an attorney and he/she fully understands the terms of this agreement. **TRADUCCIÓN: AL FIRMAR ESTE ACUERDO, El DEMANDANTE Y DEFENDIENTE CERTIFICAN QUE ESTE ACUERDO HA SIDO TRADUCIDO PARA EL/ÉLLA POR UN ABOGADO Y EL/ELLA ENTIENDE COMPLETAMENTE LOS TÉRMINOS DE ESTE ACUERDO.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Settlement Agreement and General Release as of the date(s) set forth below:

| | |
|---|---|
| ______________________ YURI ALTABAS | ______________________ FAST SHOWER, INC. |
| | By: Alden Perez |
| DATED: ______________ | DATED: 4/4/17 |

______________________
YOEL MORERA

DATED: 4/4/17

______________________
ALDEN PEREZ

DATED: 4/4/17